# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MARTERIUS SANDERS**                                                                               **PETITIONER**

**V.**                                **CIVIL ACTION NO.: 1:18CV179-MPM-DAS**

**PELICIA HALL and**
**ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**       **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner Marterius Sanders, a Mississippi inmate proceeding *pro se*, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence for sale of a controlled substance that he received in the Circuit Court of Lee County, Mississippi. Having considered the submissions of the parties, the State-court record, and the law applicable to Sanders' claims, the Court finds that the petition should be denied.

## I.
## Background Facts and Procedural History

The Mississippi Court of Appeals found the following facts:

> On September 11, 2014, Chris Brown, a multijurisdictional narcotics agent, mobilized James White, an undercover confidential informant (CI), to purchase $200 worth of crack cocaine from a female named Karashawanna Fields. White was given the money to purchase the drugs and was fitted with an audio-video recording device. When White called Fields to verify their meeting location, Fields changed the rally point to a nearby apartment complex instead. When White arrived at the location, the video recording captured him interacting with a black male—later identified as Sanders—and exchanging the $200 for an item later confirmed to be 1.65 grams of crack cocaine. The video showed Sanders approach White, give him a clear plastic bag with a white substance inside, shake White's hand, and walk away.
>
> After the transaction was complete, White called and notified Agent Brown and then traveled to Agent Brown's office. Upon arriving at the office, White participated in the postsale interview conducted by Agent Brown. The video-recording device remained on and recorded White tell Agent Brown that he purchased the cocaine from a man named "G" or "Greg." Subsequently, Agent

> Brown conducted an investigation, and through various statements and identifications by other witnesses, including fellow officer J.B. Long, he determined that "Greg" was Sanders.
>
> ***
>
> At trial, the prosecution admitted photographs taken from the audio-video recording. The photographs depicted Sanders and the white substance clearly. The prosecution also admitted the audio-video recording into evidence over the defense's contemporaneous hearsay, Confrontation Clause, and unauthenticated-evidence objections. Agent Brown testified that he "remained a block or two over" from the "buy" spot, and he kept "loose surveillance" on the area during the operation. Agent Brown further testified, without an objection, that with help from Officer Long he was able to determine that "Greg" was Sanders.
>
> Sanders testified in his own defense and confirmed that on September 11, 2014, he was at the apartment where the CI purchased the crack cocaine. He further testified that he was visiting Fields, who he knew was a drug dealer, and that she asked him to get a substance off the table and bring it to her. He testified that he did so, but that he was not paying attention to what was in the small plastic bag. Sanders maintained that he gave the substance to Fields, not White, and that Fields gave the substance to the CI. Sanders denied being called "G" and denied receiving any money as part of a transaction.

*Sanders v. State*, 228 So. 3d 888, 889–90 (Miss. Ct. App.), *reh'g denied* (June 13, 2017), *cert. denied,* 223 So. 3d 787 (Miss. 2017). Particularly relevant to Sanders' claims in the instant petition, the Court notes that White was killed prior to trial, and Sanders never had the opportunity to cross-examine him. *See* Doc. #9-1 at 36-39.

On May 28, 2015, Sanders was convicted of sale, transfer, or distribution of crack cocaine in the Circuit Court of Lee County. Doc. #9-1 at 69-70. By judgment filed May 28, 2015, he was sentenced to serve eight years in the custody of the Mississippi Department of Corrections ("MDOC") as an habitual offender without parole or early release. *Id*.

With the assistance of counsel, Sanders appealed the judgment and conviction to the Mississippi Court of Appeals, which affirmed the trial court's decision. *Sanders v. State*, 228 So. 3d 888 (Miss. Ct. App. 2017), *reh'g denied* June 13, 2017. Sanders, proceeding *pro se*, filed a

certiorari petition that was denied by the Mississippi Supreme Court on August 10, 2017. Doc. #8-2.

On December 13, 2017, Sanders filed a *pro se* application for post-conviction relief. Doc. #9-7 at 4-11. The Mississippi Supreme Court entered an Order denying the motion on January 10, 2018. Doc. #8-3.

On September 5, 2018, Sanders signed the instant petition, which was stamped "filed" in this Court on September 24, 2018. In the instant petition, Sanders raises the following grounds for relief:

> Ground One: Conviction obtained in violation of right to confrontation and cross-examination.
>
> Ground Two: Conviction obtained in violation of constitutional right to effective assistance of counsel and to a jury.

Doc. #1.

## II.
## Legal Standard

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the State court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable

3

application" clause, a federal court may grant relief where the State court applies the correct legal principle to the facts in an unreasonable manner. *See id*. at 407-08; *Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Williams*, 529 U.S. at 410-11; *Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004) (finding habeas relief merited where state decision was both incorrect and objectively unreasonable). When evaluating the evidence presented in state court, a federal habeas court presumes the correctness of the state court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## III.
## Claims

### A. Ground One

In his first ground for relief, Sanders claims that his right to confrontation and cross-examination was violated. Doc. #1 at 5. While he does not explain how this occurred, he argued in State court that the Confrontation Clause of the Sixth Amendment was violated when the trial court admitted evidence regarding the CI's out-of-court statement identifying Sanders as the man who sold him drugs. *See* Doc. #9-4 at 5-17. In his federal petition, Sanders claims that the error detracted from his credibility while buttressing that of other witnesses and strengthening the prosecution's case. Doc. #1 at 5. These errors, he claims, prejudiced his right to a fair trial. *Id*.

On direct appeal, the Mississippi Court of Appeals found White's statement was admitted in violation of the Confrontation Clause but determined the error harmless, citing *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). *Sanders*, 228 So. 3d at 891, 892. It found that, discounting White's statement, still photographs submitted by the State showed Sanders' face

from multiple angles and captured the transfer of the plastic bag containing the substance later determined to be crack cocaine. *Id*. at 891. An investigator with the Verona Police Department, who was familiar with Sanders from prior years he spent employed as director of an alternative school Sanders attended, positively identified Sanders from the still photographs. *Id*. at 891-92. The court found:

> The visual footage from the video recording, the still photographs, and the identification by Officer Long overwhelmingly establish that Sanders was the man who transferred the crack cocaine to White. Therefore, we find that the circuit court's error in admitting White's statement was a harmless one, and as such, no manifest miscarriage of justice occurred; thus, we find no merit to the issue.

*Id*.

In *Crawford v. Washington,* the Supreme Court held that the Confrontation Clause prohibits the admission of out of court testimonial hearsay statements unless the declarant is unavailable, and the defendant has had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). However, these violations are subject to a harmless error analysis. *Fratta v. Quarterman*, 536 F.3d 485, 508 (5th Cir. 2008) (holding that Confrontation Clause violations are subject to a harmless error analysis). The test for determining whether an error is harmless in a federal habeas case is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Fratta*, 536 F.3d at 508 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Here, Sanders does not point to any substantial or injurious effect or influence that the admission of the confidential informant's statement had on the jury's verdict. He merely offers a blanket assertion that his right to a fair trial was prejudiced as a result of the violation. "Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases).

Moreover, "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a

reasonable doubt." *Van Arsdall*, 475 U.S. at 681. In this case, ample evidence outside of White's statement implicated Sanders in the crime charged. Accordingly, the State court's determination that the error in admitting the statement was harmless is not contrary to, nor an unreasonable application of, clearly established Supreme Court law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. Habeas relief as to this issue is denied.

### B. Ground Two

In his second ground for relief, Sanders argues that his trial counsel was ineffective in failing to instruct the jury that the State had to prove venue beyond a reasonable doubt, and by failing to object to this "fatal error."

Claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to satisfy a two-prong test to warrant federal habeas corpus relief: (1) demonstrate constitutionally deficient performance and (2) actual prejudice as a result of such ineffective assistance. *Strickland*, 466 U.S. 668 (1984). Deficiency is established when petitioner can demonstrate that counsel's performance falls below an objective standard of reasonableness as measured by professional norms, such that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687-88. This Court's scrutiny is to be highly deferential of counsel's performance, with an effort to "eliminate the distorting effects of hindsight." *Motley v. Collins*, 18 F.3d 1123, 1126 (5th Cir. 1994). In fact, counsel is to be afforded a presumption that his actions were the product of "sound trial strategy" and undertaken with the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689.

Prejudice is established when the petitioner can demonstrate to a reasonable probability that the result of the proceedings would have been different but for the challenged conduct, thereby undermining confidence in the reliability of the outcome. *Strickland*, 466 U.S. at 687,

694. However, an error, even if professionally unreasonable, does not warrant setting aside the judgment if it had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986) (citation omitted).

On habeas review, the issue for the reviewing court is not whether the *Strickland* standard is met, but rather, whether the state-court's decision that *Strickland* was not met warrants relief under AEDPA standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("When 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Accordingly, when a *Strickland* claim has been rejected on its merits by a state court, a petitioner "must demonstrate that it was necessarily unreasonable for the [state] Supreme Court" to rule as it did in order to obtain federal habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

In this case, Jury Instruction No. C5 stated:

If you find from the evidence beyond a reasonable doubt that Marterius C. Sanders:

1. On or about September 11, 2014, in Lee County;

2. Did willfully and unlawfully sell, transfer, or distribute cocaine, a Schedule II Controlled Substance;

3. The quantity of the cocaine being less than two (2) grams;

Then you shall find Marterius Sanders guilty as charged.

If the State has failed to prove any of the above listed elements, then you shall find him not guilty.

Doc. #9-1 at 62. Therefore, the jury was properly instructed that it must find that the crime was committed by Sanders in Lee County beyond a reasonable doubt to find guilt, and an objection by Sanders' counsel was not necessary. Moreover, because the jury was properly instructed, his claim that that his right to a jury trial was affected by this alleged error is without merit. Trial

counsel cannot be deemed ineffective for failing to raise a meritless objection. *See, e.g., Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (citation omitted).

Accordingly, Sanders cannot demonstrate that his counsel was deficient or that he was actually prejudiced due to counsel's alleged errors, and the Mississippi Supreme Court's denial of this claim was not contrary too, nor an unreasonable application of, clearly established law, nor does it represent an unreasonable determination of facts in light of the evidence presented. Habeas relief as to this issue is denied.

## IV.
## Certificate of Appealability

A petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). Applying this standard, the Court concludes that a COA should be denied in this case.

## V.
## Conclusion

Sanders has failed to demonstrate that the adjudication of his claims by the State court resulted in a decision contrary to, or involving an unreasonable application of, clearly established Supreme Court precedent, or that the decision was based on an unreasonable determination of

facts in light of the evidence presented. 28 U.S.C. § 2254(d). Therefore, it is hereby

**ORDERED** that Sanders' petition for a writ of habeas corpus is **DENIED**, and a certificate of appealability is **DENIED**. A separate final judgment will issue today.

**SO ORDERED** this 7th day of January, 2019.

       /s/ Michael P. Mills
       UNITED STATES DISTRICT JUDGE